UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ROSLYN 26, LLC,

                                        Plaintiff,

                    -against-

NATIONAL GENERAL INSURANCE COMPANY,

                                        Defendant.
-----------------------------------------------------------------------X

<u>For Online Publication Only</u>

**<u>ORDER</u>**
23-CV-07453 (JMA) (ARL)

**FILED**
**CLERK**

2:56 pm, Aug 29, 2025

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is Plaintiff Roslyn 26, LLC's motion for default judgment pursuant to FED. R. CIV. P. 55(b) against Defendant National General Insurance Company.  (<u>See</u> ECF No. 21.) Plaintiff seeks damages for a breach of an insurance contract with Defendant based on Defendant's alleged failure to pay a claim for a loss covered under the policy it issued covering the property owned by the Plaintiff.  (<u>See</u> ECF No. 21-1 at 4-5.)  Defendant opposes the motion for default judgment and seeks to vacate the entry of default.  (<u>See</u> ECF No. 27.)  In its opposition, Defendant argues: (i) that the default was not willful; (ii) that Plaintiff will not suffer any prejudice from the minimal delay that will occur if the default is vacated; and (iii) that it has meritorious defenses to Plaintiff's claims.  (<u>See</u> <u>id.</u>)  For the following reasons, Plaintiff's motion for default judgment is denied, the Clerk's entry of default is vacated, and Defendant shall respond to Plaintiff's complaint by September 19, 2025.

# I.    BACKGROUND

Plaintiff commenced this action by filing the Summons with Notice in the Supreme Court of New York, Nassau County on August 24, 2023.  (See ECF No. 1-1.)  The action was subsequently removed to the Eastern District of New York by Co-Defendant Amwins Access Insurance Services, LLC on October 4, 2023.  (See ECF No. 1.)  Thereafter, Plaintiff filed a Summons and Complaint on October 16, 2023.  (See ECF No. 5.)  According to Plaintiff's counsel's Declaration, Plaintiff served a copy of the Summons and Complaint on Defendant via service through the Superintendent of the Department of Financial Services of the State of New York ("NYDFS") and by personal service.  (See ECF No. 21, "Legum Dec.," ¶ 3.)

According to Defendant, it has a standard procedure for recording any pleadings it receives, which is that upon receipt, the pleading is reviewed by the claims compliance team for references to policy numbers and names of insureds.  (See ECF No. 26, "Page Decl.," ¶ 2.)  Once a policy number and/or insured is identified, the pleading is uploaded to the corresponding claim file and is directed to the proper team for further handling.  (See id.)  Here, Defendant notes that the Summons and Complaint did not contain any policy number or named insured that would allow the claims compliance team to match it to the corresponding file.  (See id. ¶¶ 5-6.)

On March 18, 2024, a Certificate of Default was issued by the Clerk of the Court.  (See ECF No. 19.)  Plaintiff then filed a motion for Default Judgment on June 6, 2024, which was subsequently denied for failure to comply with the Local Rule 7.1.  (ECF No. 20.)  Plaintiff filed the instant motion on October 9, 2024.  (ECF No. 21.)

Defendant asserts that it first became aware of this action on October 10, 2024, after an employee received a voicemail from former co-defendant Amwins' General Counsel, who was monitoring the case docket because Amwins was previously a named Defendant in this lawsuit.  (See ECF No. 25, "Gesualdo Decl.," ¶ 9.)  Following receipt of the voicemail, Amwins'

General Counsel provided a copy of the motion, which for the first time identified the insureds and the relevant policy number.  (See id. ¶ 9.)  Defendant notes that it then promptly retained counsel to respond to the instant motion.  (Id. ¶ 10.)

## II.    DISCUSSION

### A.    Standard of Review

When determining whether there is "good cause" to vacate entry of default under Fed. R. Civ. P. 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted.  Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 171 (2d Cir. 2001).  "[N]o single factor is dispositive."  FedEx TechConnect, Inc. v. OTI, Inc., No. 12-CV-1674, 2013 WL 5405699, at *4 (S.D.N.Y. Sept. 23, 2013); see also Wagstaff–El v. Carlton Press Co., 913 F.2d 56, 57 (2d Cir. 1990) (district court did not abuse its discretion by vacating a default judgment despite a finding of willfulness, because the defaulting party had a meritorious defense and the plaintiff would not be prejudiced if the default was vacated).  "When doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).  "Good cause" should be construed generously.  Id.  "While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort."  Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981).

### B.    Defendant's Default Was Not Willful

It is well-settled that willfulness in the context of a default judgment encompasses more than mere negligence or careless conduct.  S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).  Rather, willfulness is egregious or deliberate conduct by a defendant made as a strategic decision to default.  See Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996).

3

Moreover, courts have noted that "the relevant inquiry for determining willfulness is the defaulting party's actions after it became aware of the existence of the litigation or entry of default." In re FKF 3, LLC, 501 B.R. 491, 502 (S.D.N.Y. 2013).

Here, Defendant has adequately demonstrated that the default was not willful in that service was improper and the Complaint was not directed to the appropriate party at Defendant's office. (See ECF No. 27 at 4-7.)  Furthermore, once Defendant learned of the instant motion, which identified the relevant parties and policy number, it immediately retained counsel to appear on its behalf.  (See Gesualdo Decl. ¶ 10.)  Accordingly, Defendant's failure to timely respond to Plaintiff's Complaint was not willful.

According to Plaintiff, it served a copy of the Summons and Complaint on Defendant by service through the Superintendent of NYDFS and by personal service.  (See Legum Decl. ¶ 3.) While a plaintiff may serve process by serving the Superintendent of Financial Services, a plaintiff is also required to pay "a fee of forty dollars" to effectuate such service.  N.Y. Ins. Law § 1212(c). Service is only effective if this statutory filing fee is paid.  See Dominguez v. Hernandez, No. 21-CV-7051, 2023 WL 2575224, at *8 (E.D.N.Y. Feb. 22, 2023) (holding, in context of service of a corporation through the Secretary of State, that the secretary "may only accept service on behalf of a corporation when there is strict compliance with the statutory framework.)  Here, Plaintiff cannot rely on its supposed service on the NYDFS, because it failed to provide any evidence that it paid the statutory filing fee.[1]  Plaintiff also failed to personally serve Defendant pursuant to the requirements of N.Y. CPLR § 311(a), which provides that personal service on a corporation may be effected by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive

---

[1] Plaintiff's Reply in Support of its Default Judgment motion notes that it did pay the statutory filing fee, (see ECF No. 28), but proof of this was not previously filed on the docket.

service." The proof of service states that service was made on "Mr. Greg Magaraci, claims manager, who is designated by law to accept service of process on behalf of National General Insurance." (See ECF No. 16 at 2.) This is insufficient under N.Y. CPLR § 311(a), as "[s]ervice on a corporation . . . requires delivery to a high-level employee of a corporate defendant – someone 'who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise[.]'" Chen v. Best Mmiyako Sushi Corp., No. 16-CV-6909, 2021 WL 707273, at *9 (S.D.N.Y. Feb 1, 2021) (internal quotation marks and citation omitted). Here, the process server does not provide any basis for his belief that Greg Magaraci was a managing agent or otherwise authorized to accept service on behalf of Defendant. See Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC, No. 21-CV-6909, 2022 WL 18151927, at *5-7 (E.D.N.Y. Dec. 14, 2022) (plaintiff provided no basis for "process server's personal knowledge" that recipient was authorized to accept service on behalf of limited liability company), report and recommendation adopted, 2023 WL 130835 (E.D.N.Y. Jan. 9, 2023).

Finally, while Plaintiff also served Defendant by personal delivery to Lauren Shipley, an employee of Contemporary Services Corporation ("CSC"), CSC is not National General's registered agent for service in New York. (See Page Decl. ¶ 4.) Under New York law, proper service of process must be made directly on the corporation or through an agent specifically authorized to receive service on its behalf. (See N.Y. CPLR § 311(a).) Plaintiff's missteps with respect to service and Defendant's swift response once it became aware of the instant motion demonstrate that its default was not willful nor intentional. Accordingly, Defendant's failure to timely respond to Plaintiff's Complaint was not willful.

**C.    Plaintiff Has Not Been Prejudiced**

Plaintiff has not presented any arguments that it will be prejudiced if default judgment is denied. It is well settled that "delay alone is not a sufficient basis for establishing prejudice."

Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983).  Rather, a plaintiff must demonstrate that the "delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  Id. (cleaned up); see also Prestige Capital Corp. v. Fuber LLC, No. 16-CV-9577, 2017 WL 2558803, at *4 (S.D.N.Y. June 5, 2017) (finding no significant prejudice to plaintiffs where they do not make an argument that  setting aside default would "result in the loss of evidence, add difficulty to discovery, or provide opportunities for fraud or collusion").  Here, Plaintiff has not demonstrated any of those factors.  Therefore, this element weighs in favor of setting aside the default.

**D.    Meritorious Defenses**

Defendant has shown that a meritorious defense exists.  "'A defense is meritorious if it is good at law so as to give the factfinder some determination to make.'"  Am. Alliance Ins. Co., 92 F.3d at 61 (cleaned up).  Defenses are subject to a "low threshold of adequacy for Rule 55 purposes."  Meehan, 652 F.2d at 277.  Here, Defendant has identified specific defenses to the allegations in Plaintiff's complaint.  (See ECF No. 27 at 8-9.)  Defendant notes that it denied portions of Plaintiff's insurance claim under the policy because, after a thorough investigation, it was determined that certain exclusions in the policy barred coverage.  (See Gesualdo Decl. ¶¶ 7-8.)  Moreover, Defendant asserts that Plaintiff's action against it may be barred by the policy's suit limitation provision.  (See ECF No. 27 at 8.)  Therefore, Defendant has shown that a meritorious defense exists for Rule 55 purposes.  See Certain Underwriters at Lloyd's London v. Mr. Demolition, 2020 WL 9260214 at *4 (E.D.N.Y. Dec. 28, 2020) ("To establish a meritorious defense, a defendant need not prove the defense conclusively.")

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is denied, the Clerks' entry of default is vacated, and Defendant shall respond to Plaintiff's Complaint by September 19, 2025.  The Clerk of the Court is respectfully directed to terminate ECF No. 21.

**SO ORDERED.**

Dated:    August 29, 2025
                Central Islip, New York

                                                        /s/      (JMA)
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE